Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |
| vs. | |
| $152,541.00 U.S. CURRENCY, $6,710.87 SALE PROCEEDS, FIREARMS, AMMUNITION AND ACCESSORIES, | |
| Defendants. | |

Plaintiff, United States of America, by its attorneys, Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Brian M. Donovan, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## I. NATURE OF THE ACTION

1.     This is an action to forfeit and condemn to the use and benefit of the United States of America the above-captioned Defendant property seized by the

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -1

Federal Bureau of Investigation for violations of Title II of the Controlled Substances

Act, 21 U.S.C. § 801 et seq.

## II. THE DEFENDANT(S) *IN REM*

2.      The Defendant property consists of the following property:

- $152,641.00 U.S. currency seized by the Federal Bureau of Investigation on or
  about December 28, 2022, pursuant to the execution of a Federal Search and
  Seizure Warrant;

- a Pietro Beretta, model 92, nine-millimeter pistol, bearing serial number
  A216636Z.

- Any and all seized ammunition and accessories, including, but not limited to:

  - a holster with "EEZ" initials and (10) rounds of 9mm ammunition
  - multiple rounds of misc. ammunition, a 7.62 banana magazine and
  - a 9mm magazine
  - 26 rounds of 9mm ammunition and a magazine.

- $6,710.87 in net proceeds from the sale of 501 Stuart Street, Moxee,
  Washington, seized on or about May 19, 2023, from Valley Title Guarantee,
  Inc., Escrow File # 257284, pursuant to the execution of a federal seizure
  warrant

Hereafter the "Defendant Property"

## III. JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn

the Defendant property.  This Court has jurisdiction over an action commenced by the

United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28

U.S.C. § 1355(a).  This Court has *in rem* jurisdiction over the Defendant property

under 28 U.S.C. § 1355(b).

4.      Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

IV. <u>BASIS FOR FORFEITURE</u>

6.      Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 5 above.

7.      The Defendant property is liable to condemnation and forfeiture to the United States for its use, in accordance with the provisions of 21 U.S.C. § 881(a)(6), because it constitutes:  1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act; and/or in accordance with the provisions of 21 U.S.C. § 881(a)(11), because it is a firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) or (2) and any proceeds traceable to such property.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                                  -3

V. <u>FACTS</u>

8.      On April 14, 2022, the Federal Bureau of Investigation ("FBI") received information from a Confidential Human Source ("CHS") regarding a male, "Michoacano," who sells large amounts of illegal narcotics including pills, methamphetamine, and cocaine.

9.      The CHS advised that "Michoacano" recently received a shipment of 80,000 fentanyl pills, 75 pounds of methamphetamine, and a few kilograms of cocaine.

10.     On April 18, 2022, the CHS set up a meeting with "Michoacano." Prior to the meeting and for each controlled buy that followed, the CHS was searched and wired with a concealed visual and audio recording device. During this meeting, a records check was conducted on the 2005 Ford F-150 "Michoacano" arrived in. The records check showed the 2005 Ford F-150 was registered to Eliseo Equihua Zamora, with a listed address of 2211 Stone Road, Yakima, WA. The CHS was later shown a photograph of Zamora, and the CHS identified the individual in the photograph as "Michoacano."

11.     After the meeting with Zamora, the CHS stated they observed approximately three pounds of methamphetamine and a large quantity of fentanyl pills inside the 2005 Ford F-150, and that Zamora would sell no less than a half a pound of methamphetamine to them at a time.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -4

12.     In April and June of 2022, FBI conducted two controlled buys of methamphetamine and fentanyl pills from Zamora using the CHS. FBI purchased a total of approximately a pound of methamphetamine and approximately 100 fentanyl pills for $2,800.00 in buy funds of US Currency.

13.     On June 6, 2022, the CHS stated they observed Zamora on two occasions with what appeared to be a black semi-automatic handgun, possibly a .45 caliber Smith and Wesson, with a silencer. Also, during the CHS's interactions with Zamora, the CHS stated Zamora bragged about selling 87,000 pink in color fentanyl pills within two days of receiving a shipment.

14.     When the CHS interacted with Zamora in October 2022, the CHS stated that Zamora again bragged about recently receiving a new shipment of 72 pounds of methamphetamine, fentanyl laced pills, and fentanyl power. Zamora also mentioned he acquired a pill press to make methamphetamine pills to grow his operation. Lastly, the CHS advised that he/she was aware that Zamora had at least two firearms: a handgun, and a long rifle.

15.     On November 17, 2022, FBI requested the CHS to conduct its third controlled purchase with Zamora for a pound of methamphetamine and fentanyl pills. The CHS contacted Zamora who agreed to the transaction and directed a meet up location.

16.     The CHS traveled and arrived at the predetermined meet up location and contacted Zamora via cellular phone who stated that he would be there soon. Not long

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -5

after, a silver Lexus appeared, and when the CHS entered an unidentified male and female were inside, instead of Zamora. The unknown male provided the CHS with a pound of methamphetamine and approximately 300 fentanyl laced pills in exchange for $3,100.00 in US Currency.

17. On December 14, 2022, a Task Force Officer contacted the CHS for a status update regarding Zamora. The CHS stated Zamora was going hard selling, which can reasonably be believed to mean was selling large quantities of illegal controlled substance. In addition, on December 22, 2022 the CHS advised that Zamora inquired if the CHS was available to start selling fentanyl laced pills for him again.

Search of Subject Residence and Seizure

18. Using fee-for-service databases, law enforcement was provided the address of 501 Stuart Street, Moxee, WA to be associated with Zamora.

19. In November 2022, Task Force officers traveled to the Stuart Street residence and observed the 2005 Ford F-150 and Zamora's blue Chevrolet Colorado parked in the driveway. These same vehicles were consistently observed at the Stone Road residence, where the 2005 Ford F-150 was registered.

20. Eliseo Equihua-Zamora and his wife, Jasmine C. Zamora, purchased the Stuart Street residence from Hayden Homes, LLC, a real estate development company, on or about May 24, 2022 for $370,636.

21. It appears Zamora and his wife used a down payment of approximately $18,000 and obtained a home loan from American Pacific Mortgage Corporation for

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -6

$352,104.00 to purchase the Stuart Street residence. The purchase of the Stuart Street residence was during the period of the FBI's investigation into Zamora, which began in April 2022. In addition, the residence is a newly constructed home which may reasonably explain Zamora not moving into the house until November 2022.

22.    A review of employment records from the Washington State Employment Security Department in December 2022, provided no employment records for Zamora since 2013. Even with co-owner Jasmine Chavez Equihua reporting an approximate income of $4,500 in the first quarter of 2022, there is no indication from reliable sources that Zamora or his wife had legitimate income available to fund the purchase of the Stuart Street residence at the time they obtained the loan and made the down payment.

23.    On December 28, 2022, the FBI executed a federal search warrant on the Stuart Street residence with both Zamora and Jasmine Equihua present and collected the following items:

- Holstered Beretta 9MM semi-auto handgun with a loaded magazine inserted. No round was in the chamber. A holster with the initials EEZ. All located in the left dresser of the master bedroom.

- Bulk US currency (approximately $10,041). Located in the left dresser of the master bedroom.

- Bulk US currency (approximately $1,600). Located in the right dresser of the master bedroom.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -7

- Bulk US currency (approximately $10,000). Located on the top shelf of one of the master bedroom closets.

- Marshall's bag with clear baggies containing white crystalline substance. Located in the attic space of over the garage under insulation.

- Hobby Lobby bag with clear baggies containing white crystalline substance. Located in the attic space of over the garage under insulation.

- Bulk US currency in red, white, and green speaker box (approximately $131,000). Located in a hole in the ground on the north exterior of the house.

- (3) plastic bags in plastic bin with various pills and white crystalline substance. Located in a hole in the ground on the south exterior of the house.

- Pink and blue pills in clear bags. Located in a hole in the ground on the north exterior of the house.

- Ammunition and magazines. Located in a bin near the north wall of the garage.

- Samsung cellular phone w/ pink case. Located on the right dresser in the master bedroom.

- TCL phone w/ black case. Located on left side of the bed on the floor.

- Iphone. Located on left side of the bed on the floor.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -8

1
2
3
4
5
6
7
8
9
10
11
12
13



14    24.    Despite having no verifiable legitimate income (in the case of Zamora)

15  and very little legitimate income (in the case of Jasmine), the FBI seized over

16  $152,641.00 in US Currency[1] from the Stuart Street residence.

17

18    25.    It is reasonable, therefore, to believe that Zamora was bringing in income

19  by selling large quantities of illegal narcotics, and the currency recovered during the

20  seizure was proceeds from that illegal activity. This is reinforced by Zamora's

21

22  statements to the CHS about Zamora's ability to promptly sell large quantities of

23  illegal narcotics, his investment in a pill presser to further his operation, and his

24  inquiry for the CHS's help in selling fentanyl laced pills. As such, the currency,

25

26  firearm, and ammunition seized from the Stuart Street residence constitutes proceeds

27

28  _____
[1] The United States also seized a counterfeit $100 bill from Zamora's residence.

derived from violations of 21 U.S.C. § 841 and/or represents property facilitating violations of 21 U.S.C. § 841 and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881.

26.    On January 10, 2023, Zamora was indicted on one count of Possession with Intent to Distribute 50 Grams of More of Actual (pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), one count of Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation on 18 U.S.C. § 924(c)(1)(A)(i). *United States v. Eliseo Equihua-Zamora*, Case No. 1:23-CR-2004-SAB, ECF No. 21.

27.    On March 14, 2023, a Superseding Indictment was filed charging Zamora with Count 1, Possession with Intent to Distribute 50 Grams or More of Actual (pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and Count 2, Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), a Class A felony. *United States v. Eliseo Equihua-Zamora*, Case No. 1:23-CR-2004-SAB, ECF No. 35. Both indictments provided notice of the United States' intention to seek forfeiture of the Stuart Street residence, along with $152,641.00 U.S. Currency, a firearm, and ammunition.

Sale of Subject Residence and Seized Funds

28.    On or about April 26, 2023, the United States learned that the Stuart Street residence was under contract to be sold by Zamora and Jasmine Equihua for $389,000.

29.    As detailed herein in paragraphs 18 to 22, Zamora and his wife purchased the Stuart Street residence during a time when he was known to receive substantial proceeds from selling large quantities of illegal narcotics. It is reasonable to infer that the money Zamora acquired through selling large quantities of illegal narcotics was used to purchase the Stuart Street residence.

30.    On May 19, 2023, the FBI executed a federal seizure warrant on Valley Title Guarantee, Inc., Escrow File # 257284, and seized the net proceeds in the amount of $6,710.87 from the sale of the Stuart Street residence. As described herein, the residence was purchased during the time Zamora was engaged in drug trafficking and he lacked any legitimate income during that time. As such, the $6,710.87 representing the net proceeds from the sale of the residence constitute proceeds derived from violations of 21 U.S.C. § 841 and/or represents property facilitating violations of 21 U.S.C. § 841 and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881.

VI. CONCLUSION

WHEREFORE, Plaintiff requests that the Clerk of the Court issue a warrant for the arrest of the Defendant property; that notice of this action be given to all persons

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                    -11

who reasonably appear to be potential claimants of interests in the property; that the

Defendant property be forfeited and condemned to the United States of America; that

Plaintiff be awarded its costs and disbursements in this action and for such other and

further relief as this Court deems proper and just.

DATED this 26th day of July 2023.

Vanessa R. Waldref
United States Attorney

*s/ Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

## VERIFICATION

I, Ronald T. Ribail, hereby verify and declare under penalty of perjury that I am

a Task Force Office with the Federal Bureau of Investigation, currently assigned to the

Seattle, Washington Division, Yakima Resident agency, that I have read the foregoing

Verified Complaint *in rem* and know the contents thereof, and that the matters

contained in the Verified Complaint are true to my own knowledge, except those

matters herein stated to be alleged on information and belief, and as to those matters I

believe them to be true.

The sources of my knowledge and information and the grounds of my belief are

the official files and records of the United States and information supplied to me by

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*                                    -12

other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing information is true and correct.

DATED this 20th day of June 2023.



_____
Ronald T. Ribail, Task Force Officer
Federal Bureau of Investigation

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* -13